ALD-071                                          **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 24-3085

_____

UNITED STATES OF AMERICA

v.

MOHAMAD IBRAHIM SHNEWER,
Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action No. 1:07-cr-00459-001)
District Judge: Honorable Christine P. O'Hearn

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
on January 23, 2025

Before: BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: February 7, 2025)

_____

PER CURIAM

Appellant Mohamad Shnewer appeals the District Court's order denying his second motion for compassionate release under 18 U.S.C. § 3582(c). Shnewer has also moved for appointment of counsel. The Government has moved for summary affirmance of the District Court's order.[1] After a review of the record, we conclude the appeal presents no substantial question. We therefore grant the Government's motion and will summarily affirm the District Court's judgment.

## I.

In 2008, Shnewer was convicted by a federal jury of conspiracy to murder members of the United States military, in violation of 18 U.S.C. § 1117. The official victim and terrorism sentencing enhancements, U.S.S.G. §§ 3A1.2(b) and 3A1.4, were applied to increase his offense level to 51 and his criminal history category to VI, which resulted in a Federal

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Our Clerk dismissed Shnewer's appeal on January 2, 2025, pursuant to Fed. R. App. P. 42(b) because of a prior motion from Shnewer that sought to withdraw his appeal. Shnewer filed a motion to reopen the appeal on January 7, 2025, explaining that he had moved to withdraw his appeal because he had mistakenly believed, until receiving the government's motion, that we had already denied his motion for counsel. Because the motion to reopen was timely filed and Shnewer provided good cause to reopen the appeal, we grant Shnewer's motion to reopen and consider the pending motions. *See* Third Circuit L.A.R. Misc. 107.2.

Sentencing Guidelines range of life imprisonment. Shnewer was sentenced to life imprisonment in April 2009 on the conspiracy charge.[2]

In 2022, Shnewer filed his first motion for compassionate release. The District Court denied both Shnewer's motion and his subsequent motion for reconsideration. We summarily affirmed the District Court's judgment. In February 2024, Shnewer filed his second motion for compassionate release. The District Court denied his motion in October 2024. Shnewer timely filed an appeal.

## II.

We have jurisdiction under 28 U.S.C. § 1291.[3] We review the District Court's order denying the motion for compassionate release for an abuse of discretion and will not disturb that decision unless the District Court committed a clear error of judgment. *See United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm the District Court's order if the appeal fails to present a substantial question. *See Murray v. Bledsoe*, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6. Because we conclude the appeal presents no substantial question, we grant the Government's motion and will summarily affirm the District Court's judgment.

---

[2] Shnewer was also convicted of attempted possession of firearms in furtherance of a crime of violence for which he was sentenced to a 360-month concurrent prison term. On direct appeal, we vacated this conviction and sentence, while affirming his conspiracy conviction, *see United States v. Duka*, 671 F.3d 329, 356 (3d Cir. 2011), and the District Court's judgment was amended to only reflect Shnewer's life sentence for conspiracy.

[3] After filing his notice of appeal, Shnewer filed a motion for reconsideration with the District Court, which was denied. Our jurisdiction does not reach that denial because Shnewer appealed prior to the District Court disposing of his motion for reconsideration and he did not file an amended notice of appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii).

A district court may modify a federal inmate's term of imprisonment if it finds that extraordinary and compelling reasons warrant a modification. *See* § 3582(c)(1). Even if an inmate is eligible for a sentence modification under § 3582(c)(1), a district court may deny that motion for modification upon determining that it would be inconsistent with the factors set forth in § 3553(a). *See Pawlowski*, 967 F.3d at 330–31 (denying motion for sentence modification considering, among other factors, the time remaining on the defendant's sentence and the seriousness of the defendant's crimes).

In his motion, Shnewer argued that his "cumulative mitigating circumstances" satisfied the extraordinary and compelling reasons as described in U.S.S.G. § 1B1.13(b). Shnewer also asserted that *Alleyne v. United States*, 570 U.S. 99, 103 (2013), had changed the law and would have required that the terrorism enhancement under the Sentencing Guidelines be sent to the jury during deliberations as an "element that increased his sentence." ECF 559 at 25-27. The District Court found that Shnewer's circumstances did not amount to a showing of extraordinary and compelling circumstances warranting compassionate release, and that, even if he had, the § 3553(a) factors still counseled against release.

We discern no clear error in the District Court's rejection of Shnewer's arguments and specifically its determination that no change in law has occurred based on *Alleyne*. *Alleyne* held that facts increasing the statutory minimum sentence for a crime must be sent to the jury. 570 U.S. at 103. However, *Alleyne* and its predecessor, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), do not apply to facts that affect the Sentencing Guidelines. *See United States v. Gonzalez*, 905 F.3d 165, 205–06 (3d Cir. 2018); *United States v. Smith*,

751 F.3d 107, 117 (3d Cir. 2014). Therefore, *Alleyne* does not apply to Shnewer's claims regarding the terrorism enhancement under the Sentencing Guidelines. We further discern no abuse of discretion in the District Court's weighing of the § 3553(a) factors, specifically its determination that the nature and circumstances of Shnewer's crime and the need for the sentence imposed to provide both just punishment to Shnewer and to protect the public still weighed against an early release.

As Shnewer's appeal presents no substantial question, we will summarily affirm the District Court's judgment. In light of our disposition, we deny his motion for appointment of counsel. See *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).